**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21243-BLOOM/Elfenbein**

JACQUELINE NUNNALLY,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_____________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival") Motion to Dismiss Plaintiff's Complaint ("Motion"), ECF No. [7]. Plaintiff Jacquiline Nunnally ("Nunnally") filed a Response in Opposition ("Response"), ECF No. [17]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In her Complaint, Nunnally alleges that Carnival owns and operates the cruise ship *Carnival Legend* ("Vessel"). ECF No. [1] ¶ 11. On December 24, 2024, Nunnally was a fare paying passenger aboard the Vessel, when she suddenly slipped and fell on a wet and/or slippery surface on the Lido Deck near the pool. *Id.* ¶¶ 12-14. After her fall, Nunnally saw several crew members, including one named Ryan, who was wearing water boots and appeared to be supervising a cleaning crew in the area. *Id.* ¶ 15. At the time of the fall, there were no wet floor signs posted, nor were there any warnings or directions closing the area or advising passengers to take an alternate route. *Id.* ¶ 16 Carnival is on notice of numerous prior substantially similar incidents involving

passengers suffering slip and fall injuries due to wet and/or slippery surfaces. *Id.* ¶ 20. Carnival failed to implement and/or operate its "Own the Spill" Training Programs. *Id.* ¶ 23.

Nunnally asserts five Counts against Carnival: (I) Negligent Inspection and Maintenance; (II) Negligent Failure to Warn; (III) Negligence; (IV) Negligent Training; and (V) Vicarious Liability. *Id.* ¶¶ 25-70. In the Motion, Carnival seeks dismissal of Counts I-IV, arguing that Nunnally fails to sufficiently allege notice of any dangerous condition. ECF No. [7] at 3. Carnival further argues Count III must be dismissed as duplicative, and Count IV improperly pleads negligent training. Plaintiff responds that her allegations are sufficient to establish notice s and Count III is not duplicative. *See generally* ECF No. [17]. In the alternative, Nunnally requests leave to amend her Complaint. *Id.* at 8-9.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, a complaint may not rest on naked assertions devoid of further factual enhancement, stopping the claim short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678. If the elements of the claims asserted are satisfied by the allegations, a defendant's motion to dismiss must be denied. *Twombly*, 550 U.S. at 556. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B. General Maritime Law**

In analyzing a maritime tort case, courts rely on general principles of negligence law. *Chaparro*, 693 F.3d at 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). The elements of a negligence claim based on a shipowner's direct liability for its own negligence are well settled: "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to [a p]laintiff's negligence claim and [a p]laintiff cannot rest on the allegations of her complaint in making a sufficient showing on each

element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236–37 (S.D. Fla. 2006).

Moreover, a "cruise-ship operator 'is not liable to passengers as an insurer, but only for its negligence.' The mere fact of an accident-causing injury is insufficient to establish that a dangerous condition existed." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 Fed.Appx. 794, 796–97 (11th Cir. 2019) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S. Ct. 406, 3 L.Ed.2d 550 (1959)), *aff'd*, 679 Fed.Appx. 981 (11th Cir. 2017). Rather, "under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015).

To establish the owner of a ship in navigable waters breached its duty of care under a theory of direct liability, a plaintiff must show: "(1) a dangerous condition existed; (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that defendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." *Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019) (quoting *Reinhardt v. Royal Caribbean Cruises, Ltd.*, No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013)).

In contrast, when a plaintiff asserts a claim of vicarious liability, there is no need to establish that a carrier had actual or constructive notice of the risk-creating condition because "a shipowner's duty to a plaintiff is not relevant[.]" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). Indeed, "[w]hen the tortfeasor is an employee, the principle of vicarious liability

allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of that employee acting within the scope of employment[,]'" because "liability for the agent's negligence is legally imputed to the non-negligent principal." *Id.* (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citing *Meyer v. Holley*, 537 U.S. 280, 285–86 (2003)). Applying these legal principles, the Court considers the parties' arguments in turn.

## III. DISCUSSION

### A. Counts I-III – (1) Negligent Inspection and Maintenance; (2) Negligent Failure to Warn; (3) Negligence

Carnival seeks dismissal of Counts I-III, arguing that Nunnally has not sufficiently pled notice because she relies on prior instances which did not occur in the same area, on the same deck, or on the same ship as Nunnally's alleged incident. ECF No. [7] at 5. Carnival points out that Nunnally fails to allege that the ships or areas where the prior incidents occurred had the same or similar configuration as the Vessel.

In support of its argument, Carnival relies upon *Kendall v. Carnival Corp.*, 1:23-CV-22921-KMM 2023, WL 8593669, at *2 (S.D. Fla. Dec. 8, 2023), in which the Court determined that without specific factual allegations, the Court could not conclude any prior incidents were substantially similar to the incident before the Court. In *Kendall*, the plaintiff pleaded six purported incidents which it claimed to be substantially similar as follows:

> a. On June 27, 2016, cruise passenger M.R. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "SUNSHINE".
>
> b. On September 4, 2016, cruise passenger J.R. tripped and fell on an uneven and/or sloped common passenger hallway on the M/S "VISTA."
>
> c. On October 22, 2016, cruise passenger C.D. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "VALOR."
>
> d. On January 12, 2019, cruise passenger J.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S ["]HORIZON.["]

> e. On April 1, 2019, cruise passenger A.H. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her passenger cabin on the M/S "VICTORY" (now known as the M/S "RADIANCE").
>
> f. On August 24, 2019, cruise passenger W.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S "DREAM."

*Id*. The plaintiff in *Kendall* considered those to be similar instances because she also tripped over "an unmarked, uneven, and unexpected change in the slope or elevation of the floor surface." *Id*. at *1. The court determined that to find constructive notice as pled would, "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar incidents to the one at issue to demonstrate constructive notice, particularly when, as here, the Court has no other facts from which it can analyze the factual similarities (or lack thereof) of the multiple accidents." *Kendall*, 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022)). Carnival argues that, similar to *Kendall*, Nunnally's threadbare allegations of purported prior incidents do not show how Carnival would have notice of any dangerous condition. ECF No. [7] at 8.

Carnival further argues that Nunnally does not definitively plead that the cleaning crew was the source of the wet and/or slippery substance on which she allegedly slipped, leaving the Court to simply guess as to Nunnally's theory  the source of the wet and/or slippery substance and how long the wet and/or slippery substance was present prior to Nunnally's slip and fall. *Id*. at 6.

Nunnally responds that she has plausibly alleged notice through multiple independent avenues. ECF No. [17] at 4. Nunally has sufficiently alleged notice because she pled that a slip and fall incident took place on the Lido Deck of the Vessel and she sufficiently alleges a litany of prior substantially similar incidents on Lido Decks of other Carnival ships, which are ubiquitous across Carnival's fleet. Nunnally further contends she has alleged notice because she has pleaded that, immediately after her fall on the Lido Deck, she observed a Carnival cleaning crew in the

area and Carnival failed to adhere to its "Own the Spill" policy in the subject area. Nunnally cites *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288 (11th Cir. 2015), a case determined on summary judgment, in which the Eleventh Circuit held that an employee's testimony that crew would sometimes post warning signs on the pool deck after it had rained was sufficient to create a genuine issue of material fact as to whether the cruise line had actual or constructive notice that the pool deck was slippery.

To establish actual notice, the plaintiff must demonstrate that the "defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250–51 (S.D. Fla. 2016); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) ("Actual notice exists when the defendant knows about the dangerous condition,"); *Scullion v. Carnival Corp.*, 736 F. Supp. 3d 1170, 1176 (S.D. Fla. 2024) ("To plead actual notice, the defendant must know of the dangerous condition.") (citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022)). Moreover, knowledge that the condition exists is not sufficient; the defendant must also know that the condition is dangerous. *Chaparro v. Carnival Corp.*, 693 F.3d 111, 1337 (11th Cir. 2012).

A plaintiff can establish constructive notice through two means. First, with evidence that the "hazard having been present for a period of time so lengthy as to invite corrective measures." *Holland*, 50 F.4th at 1095 (11th Cir. 2022) (quoting *Keefe*, 867 F.2d at 1322). Alternatively, a plaintiff can allege "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior incident.'" *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). While "[a] slip-and-fall plaintiff may prove constructive knowledge through circumstantial evidence," the plaintiff's allegations must still be sufficiently specific to allow the court to make a

reasonable inference that the claims are plausible. *Hostert v. Carnival Corp.*, Case No. 21-cv-23701, 2024 WL 68292, at *4 (S.D. Fla. Jan 5, 2025).

Nunnally identifies three allegations which purport to establish that Carnival was on notice. She identifies a Carnival cleaning crew in the area where she fell, prior similar incidents which occurred on the Lido Deck of Carnival's other ships, and Carnival's "Own the Spill" policy. The Court addresses each in turn.

As to the cleaning crew, Nunnally alleges the following:

> 15. After the subject incident, Plaintiff saw several crew members, approximately four (4) or five (5), including one named Ryan, who was wearing water boots and appeared to be supervising a cleaning crew in the area. These crew members assisted Plaintiff immediately after the incident.

ECF No. [1] ¶ 15. As alleged, those facts do not establish either actual or constructive notice. While Nunnally has alleged a cleaning crew was in the area, she fails to allege that any member of the cleaning crew *actually* knew about the dangerous condition. The Complaint fails specify how far away the cleaning crew was, and whether the cleaning crew's actions were in any way related to the condition which caused Nunnally's slip and fall. *See Watson v. Carnival Corp.*, 2024 WL 4137299, at *10 (S.D. Fla. Aug. 21, 2024) ("[I]f the allegations of actual notice 'are indeed more conclusory than factual, then the court does not have to assume their truth.'") Moreover, Nunnally has failed to establish constructive notice as the Complaint fails to provide facts supporting the conclusion that Carnival's cleaning crew were in the immediate vicinity of the subject area for a length of time that they should have been aware of the dangerous condition.

In *Benson v. Carnival Corp.*, No. 23-23408-CIV, 2024 WL 964235, at *3 (S.D. Fla. Mar. 6, 2024) the Court explained that "simply alleging that employees were in the [ ] 'immediate vicinity' is tantamount to a legal conclusion inserted to purportedly satisfy the Eleventh Circuit's

standard in *Holland*[.]” Because the Complaint lacks pertinent factual details as to the cleaning crew, it does not satisfy actual or constructive notice.

Nunnally contends that similar past incidents put Carnival on constructive notice. Those instances are as follows:

> 20. CARNIVAL is on notice of numerous prior substantially similar incidents involving passengers suffering slip and fall injuries due to wet and/or slippery surfaces including, but not limited to:
>
> a. On, or about, April 9, 2023, Jeanette Struzinski slipped and fell on a wet exterior deck on board the Carnival Horizon. *See Struzinski v. Carnival Corporation* at ¶ 14, Case No.: 23-CV-21818 (S.D. Fla. May 15, 2023);
>
> i. Furthermore, Attached as Exhibits to the Corporate Representative Transcript in *Struzinski*, Case No.: 23-CV-21818-CMA, Ecf. 26-5, (S.D. Fla. November 6, 2023), are prior substantially similar incidents involving slip and falls occurring on exterior decks including:
>
> 1. On September 5, 2021, a slip and fall occurring on exterior flooring (*Id*. at pg. 212.);
>
> 2. On September 13, 2021, a slip and fall occurring on exterior flooring (*Id*. at pg. 213.);
>
> 3. (c) On October 6, 2022, a slip and fall occurring on exterior flooring (*Id*. at pg. 214.). *Id*. at 212-214.
>
> b. On, or about, July 8, 2022, Charlotte Smith slipped and fell while onboard the *Carnival Vista*. *See Smith v. Carnival Corporation* at ¶ 14, Case No.: 22-cv-22853-BB (S.D. Fla. September 8, 2022);
>
> c. *Gary Tittle v. Carnival Corporation*, Case No.: 21-cv-23647 (slip and fall on August 25, 2021, on the Lido deck of the *Carnival Sunrise* after slipping on a transient liquid substance);
>
> d. *William Hornsberger v. Carnival Corporation*, Case No.: 22-cv-20204 (slip and fall on December 12, 2021, on the *Carnival Mardi Gras* after slipping on a wet and slippery deck surface contaminated with liquid);
>
> e. *John Starcevich v. Carnival Corporation*, Case No.: 23-cv-21313 (slip and fall on March 16, 2023, on the Lido deck of the *Carnival Pride* after slipping on clear liquid near the Blue Iguana Bar);

> f. On January 18, 2020, Nora Strickland slipped and fell while walking on the Lido Deck. See Strickland v. Carnival Corp., Case No. 1:20-cv-24887;
>
> g. On July 13, 2019, Montrez Green slipped and fell on the wet Lido Deck walkway onboard the *Carnival Ecstasy*. *See Montrez Green v. Carnival Corporation*, Case No. 1:22-cv-20192-BB;
>
> h. On April 20, 2019, onboard the *Carnival Victory*, Plaintiff suffered a slip and fall near the food service area on the Lido Deck. *Pedraza v. Carnival Corporation*, Case No. 20cv-23318;
>
> i. On July 31, 2018, onboard the *Carnival Freedom*, Plaintiff suffered a slip and fall near the food service area on the Lido Deck. *Myles v. Carnival Corporation*, Case No. 19cv-23605;

ECF No. [1] ¶ 20. Though Nunnally contends those incidents are similar because she also slipped and fell on the Lido Deck, the Court cannot conclude any of these incidents were substantially similar without specific factual allegations. In *Kendall*, as discussed above, the absence of specific factual allegations left the court to ask:

> Was the dangerous condition similar or the same to the one here? Where and how did the accident occur? Were there warnings about the change in slope? Did the accident occur in a high-traffic area? Did Defendant take any precautionary actions? The list goes on.

*Kendall*, No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3.

The Court is left with similar questions here. In her Response, Nunnally argues that Lido Decks are ubiquitous across Carnival's fleet of cruise ships, but that assertion is not alleged in the Complaint. Even if properly pleaded, it would still not allow the Court to determine whether the previous incidents were substantially similar. As such, the Court finds Nunnally has failed to plead sufficient facts demonstrating that the prior incidents, on different vessels, are sufficient to provide constructive notice of the dangerous condition.

Finally, Nunnally relies on the fact that Carnival "failed to implement and/or operate its 'Own the Spill' Training Programs" to establish notice. Such a policy alone fails to satisfy notice

requirements. *See Watson v. Carnival Corp.*, No. 1:24-CV-21019, 2024 WL 4137299, at *12 (S.D. Fla. Aug. 21, 2024) ("To be sure, Carnival has an 'own the spill' policy, but this does not automatically put it on notice of every transitory substance across all cruise ships at all times."). As the Court explained in *Watson*:

> At bottom, Plaintiff's argument exemplifies the "general foreseeability theory of liability" warned of in *Navarro v. Carnival Corp.*, No. 19-21072, 2020 WL 1307185, at *4 (S.D. Fla. March 19, 2020). This theory "has been roundly rejected by federal courts because it would essentially convert a carrier into an insurer of passenger safety." *Id*. In the absence of any allegation as to actual notice or a hazard existing for a sufficient length of time, and a total failure to identify an actual prior similar incident, Plaintiff's assertion of notice rests largely on a general "own the spill" policy -- and that is wholly insufficient to establish notice.

*Watson*, No. 1:24-CV-21019, 2024 WL 4137299, at *12. As such, the Court finds Nunnally has failed to sufficiently plead notice and Counts I-III are dismissed. Because the Court dismisses Counts I-III, it need not address whether Count I and Count III are duplicative.

**B. Count IV – Negligent Training**

Carnival seeks to dismiss Count IV because Nunnally has improperly pleaded negligent training. ECF No. [7] at 9. Carnival argues that while Nunnally has identified a training program, she fails to identify how that training program is applicable to the incident described in the Complaint. *Id*. at 11. Carnival further argues that Nunnally does not specify what is required to adhere to proper compliance under the training or how the training program was negligently administered. *Id*. Nunnally does not address these arguments in her Response. *See generally* ECF No. [17].

Negligent training is a "recognized dut[y] under federal maritime law." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1310 (S.D. Fla. 2021). "Negligent training occurs when an employer was negligent in the implementation or operation of [a] training program and this negligence caused a plaintiff's injury." *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla.

2021); *see Gutman v. Quest Diagnostics Clinical Laboratories, Inc.*, 707 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010). Therefore, for a plaintiff "to state a claim for negligent training, he must show that [the defendant] was negligent in the implementation or operation of [a] training program." *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11h Cir. 2005). It is not enough for the plaintiff to merely challenge the content of the program or to "identify that certain training programs exist and [ ] allege in a conclusory manner that [the d]efendant was negligent in operating such training programs." *Mercado*, 407 F.3d at 1162. The plaintiff must provide factual allegations that establish "how [the d]efendant was negligent in implementing or operating its training programs." *Walsh*, 2020 WL 10936272, at *5; *Lirette v. Carnival Corp.*, No. 24-24035-CIV, 2025 WL 385572, at *2 (S.D. Fla. Feb. 4, 2025); *see also Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1269 (S.D. Fla. 2015) (concluding that to state a negligent training claim, a plaintiff "must identify a training program or policy and explain specifically how the [defendant] was negligent in implementing it").

Here, Nunnally has failed to adequately allege a negligent training claim. Nunnally simply makes a conclusory allegation that "Carnival failed to implement and/or operate its 'Own the Spill' Training Program." ECF No. [1] ¶ 23. To survive a Motion to Dismiss, "it is not enough to identify that certain training programs exist and to allege in a conclusory manner that Defendant was negligent in operating such training programs." *Walsh v. Carnival Corp.*, No. 20-CV-21454-UU, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020) ("the Court finds that the Complaint fails to include any factual allegations with respect to how Defendant was negligent in implementing or operating its training programs.")). Here, Nunnally does not provide any factual allegations regarding to how Carnival was negligent in implementing its "Own the Spill" training program. As such, Count IV is dismissed.

### C. Leave to Amend

In her Response, Nunally seeks leave to amend her Complaint under Federal Rule of Civil Procedure 15(a). Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The grant or the denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given freely "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Cadence Bank, N.A. v. 6503 U.S. Highway 301, LLC*, No. 8:13-cv-840-T-33TGW, 2013 WL 12157897 (M.D. Fla. Oct. 7, 2013) (quoting *Foman*, 371 U.S. at 182). In this case, this is Nunnally's first request for leave to amend. Thus, the Court does not find a basis to deny Nunnally's request for leave to amend in an effort to cure the deficiencies raised in Defendant's Motion to Dismiss.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Carnival's Motion**, ECF No. [7]** is **GRANTED.**
2. **Counts I-IV** of Plaintiff's Complaint, **ECF No. [1]**, are **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff may file an Amended Complaint that cures the deficiencies identified in this Order on or before **September 25, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record